Minute Order Form (06/97)



# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 4633 | **DATE** | 3/28/2002 |
| **CASE TITLE** | In Re Joseph Vlasek | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Enter Memorandum Opinion and Order. Debtor's appeal is dismissed with prejudice. This order is final and appealable.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAR 2 9 2002 | |
| | Notified counsel by telephone. | | date docketed | 15 |
| | Docketing to mail notices. | | CDY | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT | 3/27/2002 | |
| ETV | courtroom deputy's initials | 02 MAR 28 AM 10: 39 | date mailed notice ETV | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE:  )
) No. 01 C 4633
JOSEPH VLASEK,  )
) Judge Rebecca R. Pallmeyer
Debtor.  )

## MEMORANDUM OPINION AND ORDER

On August 27, 1996, several days after a state court entered a judgment against him for unpaid child support, Joseph Vlasek filed a bankruptcy petition. In February 1997, the Trustee filed an adversary action in the bankruptcy court challenging certain property transfers Vlasek had made in 1993 and 1994 under the Illinois Uniform Fraudulent Transfer Act. The bankruptcy court ruled in favor of the Trustee and set aside the transfers in a February 8, 1998 ruling. With the bankruptcy court's approval, the Trustee sold the properties in 1998 and 1999 and distributed the assets of Vlasek's estate.

Plaintiff Vlasek now argues that he did not sign his original bankruptcy petition and that his mother, Patricia Vlasek, signed his name without authority. Vlasek first made this assertion in a November 1998 motion to dismiss the bankruptcy petition. At a December 1998 hearing on that motion before the bankruptcy court, Vlasek claimed mental incompetence. The bankruptcy court considered the matter, reviewing Vlasek's earlier testimony and seeking input from the Cook County Public Guardian. Vlasek failed to comply with a court order directing him to appear for a psychiatric examination as directed by the Public Guardian. On April 30, 1999, the bankruptcy court denied his motion to dismiss. The court concluded that even if Vlasek did not

sign the bankruptcy petition, he had adopted or ratified his mother's actions and that the evidence did not support his claim of incompetence. Vlasek responded by filing a motion "to vacate all orders relating to any adversary proceedings," but the bankruptcy court denied that motion on June 8, 1999. Vlasek took no appeal from either the April 30 or the June 8, 1999 orders.

On May 25, 2001, the bankruptcy court entered an order closing the bankruptcy estate and discharging the Trustee. Vlasek filed a notice of appeal from the May 25, 2001 order, but it is clear from his brief that he seeks to challenge the bankruptcy court's 1999 rulings: In the Statement of Issues, Vlasek cites as error the bankruptcy court's refusal to dismiss the bankruptcy petition and its refusal to vacate "certain orders." (Debtor's Brief on Appeal, at 2.) The Trustee argues that Vlasek was required to appeal from both of these orders in 1999. He cites *In re Allen*, 896 F.2d 416, 418 (9th Cir. 1990) for the proposition that bankruptcy court orders are appealable to the extent they "determine and seriously affect substantial rights."

Vlasek himself fails to address the matter of timeliness. His brief cites a handful of cases for general propositions regarding due process, but fails to cite any authority that would permit review of orders entered many months before his appeal was filed. The court notes, however, that unlike the Ninth Circuit, the Seventh Circuit has concluded that "denials of motions to dismiss are generally not final orders, even in the bankruptcy context." *In re Jartran, Inc.*, 886 F.2d 859, 864 (7th Cir. 1989). ("The bankruptcy court's denial of Fruehauf's motion to dismiss is even more clearly not appealable as a final order."); *In re Cash Currency*, 762 F.2d 542, 546 (7th Cir.

2

1985) ("The orders permitting limited intervention by the Director, denying his motion to dismiss the Chapter 11 petitions, and appointing a bankruptcy trustee were interlocutory and reviewable only if the district court agreed to entertain the appeals."). The court concludes that Vlasek is not barred from appealing the bankruptcy court's refusal to dismiss the bankruptcy proceeding. This determination is of little value to Vlasek, however; the court believes the bankruptcy court acted properly in denying his motion to dismiss. He did not file that motion until long after the court had set aside his property transfers. Although given ample opportunity, Vlasek failed to cooperate in the court's effort to evaluate his claim of mental incompetence. Any further objection on this basis is waived.

The Trustee has a much stronger argument that Vlasek's appeal from denial of the motion to vacate "certain orders" is time barred. That motion was itself grossly untimely in the bankruptcy court. The "certain orders"—orders approving the sale of assets of the estate—were final orders requiring immediate appeal. *In re Kids Creek Partners, L.P.*, 200 F.3d 1070, 1074-75 (7th Cir. 2000). To permit Vlasek to challenge them months later would be inconsistent with the policy of enabling bankruptcy estates to sell assets to purchasers who are entitled to rely on the finality of the sale. Even if Vlasek's motion to vacate had been timely filed, any appeal from the June 8, 1999 order denying that motion would be long overdue as of June 2001, when this appeal was filed.

The Trustee argues, further, that the bankruptcy court's decisions on Vlasek's motion to dismiss and motion to vacate should be upheld on their merits. Vlasek's

3

brief does not address this argument in anything other than general terms, but the court need not reach it. This appeal is dismissed as untimely. The "self-dealings and forgeries" of which Vlasek accuses his mother (Debtor's Brief, at 12), may support a claim against her in some forum; Vlasek is unable to challenge his mother's alleged misconduct by way of this appeal.

ENTER:

Dated: March 28, 2002

REBECCA R. PALLMEYER
United States District Judge